UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>171 "DEHLAVIEH" ANTI-TANK GUIDED MISSILES;<br><br>EIGHT TYPE "358" SURFACE-TO-AIR MISSILES;<br><br>TEN RAYAN ROSHD AFZAR RU60G THERMAL WEAPONS OPTICS;<br><br>ONE USV KIT GM2 35-1;<br><br>ONE USV KIT 36-1;<br><br>ONE USV KIT 38-1;<br><br>ONEBOX NO 573/714;<br><br>13,000 "PLAIN DETONATOR, NO. 8" BLASTING CAPS;<br><br>351 COMPONENTS FOR LAND-ATTACK CRUISE MISSILE;<br><br>ONE SET OF COMPONENTS TO NOOR-C802 ANTI-SHIP CRUISE MISSILE; and<br><br>SIX BOXES OF MISCELLANEOUS UNMANNED AERIAL VEHICLE COMPONENTS<br><br>Defendants. | Case: 1:20−cv−02299<br>Assigned To : Boasberg, James E.<br>Assign. Date : 8/20/2020<br>Description: Gen. Civil (E−DECK)<br><br><br>Civil Action No. _____<br><br><br>**UNDER SEAL** |

MOTION AND SUPPORTING MEMORANDUM TO SEAL
VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

COMES NOW, the United States of America, by and through the Acting United States Attorney for the District of Columbia, and respectfully moves for an order to place and maintain under seal, until further order of the Court, the Verified Complaint for Forfeiture *in Rem* ("Complaint"), this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support whereof, the Government states as follows:

1. The United States Attorney's Office for the District of Columbia is investigating an Iranian maritime weapons smuggling network involved in the illicit trafficking of advanced conventional weapons systems and components, including systems that contain U.S.-origin components, by sanctioned Iranian entities that directly supports military action by the Houthis movement in Yemen and the Iranian regime's campaign of terrorist activities in Yemen and throughout the region.

2. The related complaint details how the defendant properties are subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(i), as domestic and foreign assets of a designated foreign terrorist organization, the Islamic Revolutionary Guard Corps ("IRGC"), which has engaged in planning and perpetrating federal crimes of terrorism as defined in 18 U.S.C. § 2332b(g)(5), against the United States, citizens or residents of the United States, and as domestic and foreign assets affording any person a source of influence over any such entity or organization.

3. There is "an important presumption in favor of public access to all facets of criminal court proceedings." *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1990). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute."

2

*Nixon v. Warner Communications*, 435 U.S. 589, 598 (U.S. 1978). In *Hubbard*, the Circuit addressed whether documents seized from a third party during a search warrant and later introduced under seal at a pretrial suppression hearing should be made available to the public. *Hubbard*, at 295. The Court first weighed the public interest in access to the documents against the third party's interests. *Id.* at 317. It referred to these "competing interests" as "the 'generalized interests' at stake." *Id.* The Court's "generalized interests" analysis did not consider the specific contents of the documents. *Id.*

4. The Court analyzed the following six factors in its assessment of the generalized interests: (1) the need for public access to the documents; (2) public use of the documents; (3) fact of objection and identity of those objecting to disclosure; (4) strength of the generalized property and privacy interest asserted; (5) possibility of prejudice; and (6) the purposes for which the documents were introduced.

5. The instant Complaint references evidence and information obtained during a grand jury investigation. Although seizure of defendant properties is public, the grand jury is still investigating suspected crimes relating to the export of U.S.-origin items in the seized cache of weapons. "Although public access plays an important role in other aspects of the judicial process, there is no First Amendment right of access to grand jury proceedings." *In re Grand Jury Proceedings (Miller)*, 493 F.3d 152, 154 (D.C. Cir. 2007). The need for public access to, or public use of, the instant forfeiture complaint is minimal at this point in the criminal investigation into the illegal smuggling scheme, particularly given that the public has no cognizable basis to inspect or claim the weapons in question. Thus, the first two factors weighs in favor of sealing.

6. In *Hubbard*, the defendants and the third party, the Church of Scientology, objected to the disclosure of the documents. Here, the government seeks nondisclosure, and no other party objects to this request. Thus, the third generalized interest factor weighs in favor of granting the motion to seal.

8. The fourth generalized interests factor, the strength of the generalized property and privacy interests asserted, is not applicable in this case. The documents at issue in *Hubbard* were seized from non-public areas of the Church. *Id*. at 320. The forfeiture documents in this case do not belong to any party, and no party in the United States has a cognizable interest in the defendant properties.

9. The *Hubbard* court analyzed the fifth generalized interests factor, the possibility of prejudice, in the context of whether the release of the documents would impact the defendants' ability to receive a fair trial. *Id*. at 320-21. The defendant in this matter *in rem* are inanimate objects without any rights. The release of information about the U.S.-origin items in the complaint may impair the ongoing grand jury investigation and related law enforcement actions.

10. The final generalized interests factor examined in *Hubbard* was the purpose for which the documents at issue were introduced. *Id*. at 321. In *Hubbard*, the defendants introduced documents at a pre-trial suppression motion to demonstrate that the search resulting in the seizure of those documents was overbroad. *Id*. The Court noted that the documents were not "relevant to the crime charged; they were not used in the subsequent 'trial'; nor were they described or even expressly relied upon by the trial judge in his decision on the suppression issue." *Id*. In this case, the documents have not yet been introduced in any contested proceeding.

4

11.     After the *Hubbard* Court assessed the "generalized interests" in public disclosure, it considered whether "particularized factors" weigh for or against public access to the documents. *Id.* at 322-23. In this case, the contents of the documents counsel against public disclosure. The complaint references evidence gathered in the course of the grand jury investigation. Public disclosure of the government's evidence may compromise the integrity of the investigation.

12.     As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

13.     In this matter, the United States has a compelling interest in preserving the integrity of its related criminal investigation and possible related law enforcement actions in the future related to subjects of the investigation. A limited sealing order ensuring that filings related to the Complaint are not accessible from the Court's public files is narrowly tailored to serve a compelling interest. Moreover, the government's request is narrowly tailored, as it expects that sealing will only be required for 12 weeks at most.

14.     The United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal a Complaint for Forfeiture or a resulting sealing order means that the Government intends to forfeit the property.

Thus, if this motion to seal or a sealing order were to become public, it would be the same as making public the plan to forfeit the property.

15. Although the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") do not provide an "independent ground for ordering a seal" of a complaint for forfeiture, Supplemental Rule G, Advisory Comm. Notes to 2006 Adoption, they do reflect the reality that such complaints are often sealed to "protect[] . . . an ongoing criminal investigation," *id*. *See also United States v. 4816 Chaffey Lane*, No. 5:08-CV-410-JMH, 2010 U.S. Dist. LEXIS 1889, at *4-5 (E.D. Ky. Jan. 8, 2010). In fact, Supplemental Rule G(3)(c)(ii)(B) permits a delay in the execution of the warrant and any supplemental process if the "the court orders a different time when the complaint is under seal." Moreover, Supplemental Rule G(5)(a)(ii)(C)(1) excludes "time when the complaint was under seal," when calculating the time period for a person to file a claim for the defendant property.

16. The government expects it may be necessary to issue a mutual legal assistance request to foreign partner(s) in order to facilitate the related criminal investigation. Moreover, as part of the seizure process, the government will need to coordinate with other government agencies who are currently storing the defendant properties. Such steps may require the government to share the complaint, underlying facts and documents, and future pleadings with domestic and foreign authorities, as well as private entities. Such sharing also furthers U.S. national security interests. Accordingly, the government moves to seal this application and requested order, the complaint, records, proceedings, files, and arrest warrant in rem in the above-captioned matter, and for permission to disclose the existence and contents of the said documents as needed with appropriate domestic foreign authorities in order to facilitate the seizure and transfer of the defendant properties. Because the defendant properties are inanimate

6

objects which cannot ask for unsealing, the government further requests that leave be granted to automatically unseal once sealing is no required.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until further order of the Court, the Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

                      Respectfully submitted,

                      MICHAEL R. SHERWIN,
                      N.Y. Bar Number 4444188
                      ACTING UNITED STATES ATTORNEY

By:     /s/ Zia Faruqui
        Zia M. Faruqui, D.C. Bar No. 494990
        Assistant United States Attorney
        555 4th Street, N.W.,
        Washington, D.C. 20530
        zia.faruqui@usdoj.gov
        202-252-7117