UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**171 "DEHLAVIEH" ANTI-TANK GUIDED MISSILES,** *et al.*,<br><br>**Defendants** *In Rem*. | Civil Action No. 20-2299 (JEB) |

**MEMORANDUM OPINION**

Having seized an arsenal of Iranian-made weapons from two vessels in the Arabian Sea, the United States brought this forfeiture action *in rem*. The Defendant Properties are collections of twelve different types of weapons, including anti-tank and surface-to-air missiles. The Government alleges that the Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(i) as assets of the Islamic Revolutionary Guard Corps (IRGC), a designated foreign terrorist organization. As no one else has claimed an interest or otherwise defended the action, the Clerk of Court entered a default on August 20, 2021. See ECF Nos. 18–20 (Clerk's Entries of Default). The Government now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). See ECF No. 22. As the United States has sufficiently demonstrated that the allegations in its Complaint warrant such judgment, the Court will grant the Motion.

**I.    Background**

Given the default in this case, the Court accepts the facts alleged in the Government's Complaint as true. The IRGC "'is a non-traditional instrumentality of Iran,' serving as 'the

1

military arm of a kind of shadow government answering directly to the Ayatollah and the mullahs who hold power in Iran.'" Christie v. Islamic Republic of Iran, No. 19-1289, 2020 WL 3606273, at *3 (D.D.C. July 2, 2020) (quoting Blais v. Islamic Republic of Iran, 459 F. Supp. 2d 40, 47 (D.D.C. 2006)).  In 2019, both the President and the Secretary of State designated the IRGC a Foreign Terrorist Organization.  See Pl. Mot. for Def. J. at 5.  The Government notes, furthermore, that "[t]he Department of State and the Department of the Treasury have found that the Iranian government uses the IRGC as its primary means to direct and implement its global terrorist campaign, to include the illicit trafficking of advanced conventional weapons to proxies in various countries, including Yemen." Id. at 4 (citation omitted).  For example, it provides military support to the Houthis in Yemen, "who have been fighting the United Nations-recognized government" there.  See Compl. at 4.

In this case, the U.S. Navy "seized the Defendant Properties while conducting routine maritime security operations in the Arabian Sea." Id. at 6 (citation omitted).  The seizures took place on November 25, 2019, and February 9, 2020. Id.  Both "U.S. and [United Nations] authorities analyzed the . . . interdictions and concluded that Iran was responsible for planning, organizing, and executing both shipments of weapons." Id. at 7 (citation omitted).  A "U.N. Panel of Experts assessed the seized items to be 'evidently of Iranian origin,'" and the U.S. military linked both caches to the IRGC. Id. at 8.

The Government filed this Complaint on August 20, 2020, and obtained a warrant for arrest *in rem* that same day.  See ECF Nos. 3 (Compl.) & 5 (Warrant).  After sending notice of the action via U.S. mail to potential claimants, the Government began posting such notice on a government-forfeiture site for 30 days beginning in July 2020.  See Pl. Mot. for Def. J. at 8–9.  No claims were filed, and the Clerk of Court entered default on August 20, 2021.  See Entries of

Default.  The Government now moves for default judgment and seeks forfeiture of Defendant Properties.

## II.     Legal Standard

"The determination of whether a default judgment is appropriate is 'committed to the sound discretion of the trial court.'"  Lu v. Lezell, No. 11-1815, 2013 WL 12183952, at *1 (D.D.C. July 19, 2013) (quoting Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980)).  A court may enter default judgment when the "party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  "This form of relief is no less appropriate when the defendant in question is property," and "unless a claimant properly intervenes to raise defenses to its forfeiture, the defendant property is deemed to have 'failed to plead or otherwise defend' against the allegations, and the Clerk of Court must enter default."  United States v. All Assets Held in Account Number XXXXXXXX, 330 F. Supp. 3d 150, 156 (D.D.C. 2018) (quoting Fed. R. Civ. P. 55(a)).

Once default is entered, the defendant "is deemed to admit every well-pleaded allegation in the complaint."  Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); see Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971), rev'd on other grounds sub nom. Hughes Tool Co. v. Trans World Airlines, Inc., 409 U.S. 363 (1973); see also 10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2688.1 (4th ed. 2021) (defaulting "defendant has no further standing to contest the factual allegations of plaintiff's claim for relief").  Nevertheless, "[m]odern courts are . . . reluctant to enter and enforce judgments unwarranted by the facts," Jackson, 636 F.2d at 835, and "a district court may still deny an application for default judgment where the allegations of the complaint, even if true, are legally insufficient to make out a claim." Gutierrez v. Berg Contracting Inc., No. 99-3044, 2000 WL 331721, at *2 (D.D.C. Mar. 20,

2000); see also United States v. $1,0171,251.44 of Funds Associated with Mingzheng Int'l Trading Ltd., 324 F. Supp. 3d 38, 45 (D.D.C. 2018) ("[T]he defendant['s] default notwithstanding, the plaintiff is entitled to a default judgement only if the complaint states a claim for relief.") (second alteration in original) (quoting Jackson v. Corr. Corp. of Am., 564 F. Supp. 2d 22, 26–27 (D.D.C. 2008)).

### III. Analysis

Before looking at the allegations in the Complaint, the Court examines its jurisdiction and the sufficiency of notice to potential claimants.

#### A. Jurisdiction

As a threshold matter, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1355(a), which provides that district courts "have original jurisdiction . . . of any action or proceeding for . . . forfeiture, pecuniary or otherwise, incurred under any Act of Congress." It also has jurisdiction under 28 U.S.C. § 1345, which provides the district courts with jurisdiction over proceedings commenced by the United States.

This Court thus has *in rem* jurisdiction to issue a forfeiture order, and this holds true regardless of "[w]hether or not [the] foreign government will ultimately choose to comply." United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1, 7 (D.D.C. 2013); see also United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 772 F. Supp. 2d 205, 211 (D.D.C. 2011).

#### B. Notice

A forfeiture action *in rem* arising from a federal statute is governed by Supplemental Rule G of the Federal Rules of Civil Procedure. Rule G(4)(a)(i) states that "[a] judgment of forfeiture may be entered only if the government has published notice of the action within a

4

reasonable time after filing the complaint or at a time the court orders." The Government fulfilled this obligation by posting timely notice on an official government-forfeiture website, www.forfeiture.gov, for at least 30 consecutive days, as required by Supplemental Rule G(4)(a)(iv)(C). See Pl. Mot. for Def. J. at 8–9.

Plaintiff was also required to provide direct notice "to any person who reasonably appear[ed] to be a potential claimant on the facts known to [it]" and to send such notice "by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. R. G(4)(b)(i), (iii)(A). The Government met this requirement. See Mot. for Def. J. at 12-13.

    C.    Merits

Supplemental Rule G also requires that the Complaint "identify the statute under which the forfeiture action is brought" and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(e)–(f).

Plaintiff brings this action under the Civil Forfeiture section of Title 18, Crimes and Criminal Procedure. Specifically, it claims that Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(G)(i), which permits forfeiture of "all assets, foreign or domestic""of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism . . . against the United States . . . ." (internal footnote omitted). The IRGC fits within this definition. See Mot. for Def. J. at 14–15. Indeed, the Secretary of State has designated the IRGC as a Foreign Terrorist Organization. Id. at 15.

In addition, the Government has alleged sufficient facts to establish that the weapons seized belonged to the IRGC. The Complaint explains that "that there was 'not any plausible way that these missiles and weapons could have gotten on a [vessel] between Iran and Yemen

except that the IRGC has continued a pattern of smuggling to the Houthis and Yemen,'" Compl., ¶ 15 (quoting authority at U.S. Central Command with expertise in these matters).

The Court, accordingly, finds that the Government has met its burden here.

### IV.     Conclusion

For the foregoing reasons, the Court will grant the Government's Motion for Default Judgment. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  November 15, 2021